**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:          **September 26, 2024**

LOCATION OF HEARING SESSION:   Fred D. Thompson U.S. Courthouse
                                                              and Federal Building
                                                          Courtroom 6D, 6th Floor
                                                          719 Church Street
                                                          Nashville, Tennessee 37203

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

-2-

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **September 3, 2024**. The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*Marcella R. Lockert*
Marcella R. Lockert
Acting Clerk of the Panel

cc: Clerk, United States District for the Middle District of Tennessee

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on September 26, 2024, the Panel will convene a hearing session in Nashville, Tennessee, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
September 26, 2024 -- Nashville, Tennessee

SECTION A
MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3122 − **IN RE: THE COOPER COMPANIES, INC., IN VITRO FERTILIZATION GLOBAL CULTURE MEDIA PRODUCTS LIABILITY LITIGATION**

   Motion of plaintiffs A.B., et al., and F.G., et al., to transfer the following actions to the United States District Court for the Northern District of California:

   Northern District of California

   F., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00643
   R., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00689
   J., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00693
   N., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−00696
   WALDEN, ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−00903
   A.B., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01061
   J.B., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−01085
   CLF 001, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01192
   CLF 003, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01193
   CLF 005, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01194
   F.G., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01261
   S., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−01353
   J.K., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01680
   WOODS, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−01745
   N., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−01853
   R.S. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−02031
   N.O., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−02042
   OXENDINE, ET AL. v. THE COOPER COMPANIES, INC., ET AL.,
      C.A. No. 4:24−02168
   O'BRIEN, ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−02580

A. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−02582
A. F., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−02610
B., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−02722
X.Y., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 4:24−03219
D., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03527
F., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03530
J.J., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03536
H.H., ET AL. v. THE COOPER COMPANIES, INC., ET AL., C.A. No. 4:24−03568

Middle District of Florida

POOLE, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 8:24−01002

District of New Mexico

R., ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 1:24−00631

District of Oregon

CLF 007, ET AL. v. COOPERSURGICAL, INC., ET AL., C.A. No. 6:24−00990

MDL No. 3123 − **IN RE: RANGE VIEW MANAGEMENT, LLC, ET AL., TELEPHONE CONSUMER PROTECTION ACT (TCPA) LITIGATION**

Motion of defendants Range View Management LLC, Better Debt Solutions LLC, Lendvia LLC, and Better Tax Relief LLC to transfer the following actions to the United States District Court for the Western District of Texas:

Central District of California

COLLINS, ET AL. v. BETTER DEBT SOLUTIONS, LLC, ET AL., C.A. No. 8:24−01263

Northern District of Texas

PINN v. BETTER TAX RELIEF LLC, C.A. No. 4:24−00488

Western District of Texas

SILVA v. LENDVIA LLC, C.A. No. 3:24−00155
HERRERA v. LENDVIA LLC, C.A. No. 3:24−00215

MDL No. 3124 − **IN RE: AT&T INC. CELLULAR CUSTOMER DATA SECURITY BREACH LITIGATION**

   Motion of plaintiff Lori Young to transfer the following actions to the United States District Court for the Northern District of Georgia:

   Northern District of Georgia

   YOUNG v. AT&T MOBILITY LLC, ET AL., C.A. No. 1:24−03185

   District of Montana

   OLIVIERI, ET AL. v. AT&T INC., ET AL., C.A. No. 2:24−00056

   District of New Jersey

   SCHULTE v. AT&T INC., ET AL., C.A. No. 3:24−07818

   Northern District of Texas

   WINGER v. AT&T INC., C.A. No. 3:24−01797

MDL No. 3125 − **IN RE: ANGIODYNAMICS, INC., AND NAVILYST MEDICAL, INC., PORT CATHETER PRODUCTS LIABILITY LITIGATION**

   Motion of plaintiffs Kimberly Boyer; Danny Brierly; Charmaine Brockway; Serena Coleman; Ramsey Ghabra; Noelia Hernandez-Ayala; Maxwell Jones; Patricia Kitchen; Brandon Mcmillian; Claude Preston; Rosa Timmons; Stephen Zuppo; Gage Colyer, et al.; Lindsay Baldwin; JaiTonia Cain Harvey; L.L., etc.; Robert Barnes; Jessica Garst; and Kimberly Howard to transfer the following actions to the United States District Court for the Western District of Missouri:

   Middle District of Alabama

   MORRIS v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:23−00294
   SMITH v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−00112

   Southern District of California

   COLEMAN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−00825
   BRIERLY v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−00865

   Middle District of Florida

   JONES v. ANGIODYNAMICS, INC., ET AL., C.A. No. 6:23−01554

Northern District of Georgia

MCMILLIAN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−02212

Northern District of Illinois

BARNES v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−02008

Southern District of Iowa

BROCKWAY v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:24−00133

Eastern District of Kentucky

PRESTON v. ANGIODYNAMICS, INC., ET AL., C.A. No. 7:24−00025

Western District of Kentucky

HARVEY v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−00414
HOWARD v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:24−00046

Eastern District of Michigan

GHABRA v. ANGIODYNAMICS, INC., ET AL., C.A. No. 5:24−11436

Eastern District of Missouri

TIMMONS v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−00032
BOYER v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:23−01179

Western District of Missouri

LARSON, ET AL. v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−04114
COLYER, ET AL. v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:24−04121
BALDWIN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 3:24−05055

Northern District of Ohio

KITCHEN v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−00132
ZUPPO v. ANGIODYNAMICS, INC., ET AL., C.A. No. 4:24−00904

Eastern District of Tennessee

GARST v. ANGIODYNAMICS, INC., ET AL., C.A. No. 2:23−00161

    Southern District of Texas

HERNANDEZ-AYALA v. ANGIODYNAMICS, INC., ET AL., C.A. No. 7:23−00384

    District of Utah

BERRETT v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:24−00101

    Northern District of West Virginia

PETTIT v. ANGIODYNAMICS, INC., ET AL., C.A. No. 1:22−00097

MDL No. 3126 − **IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION**

   Motion of plaintiff Emmanuel Chaidez to transfer the following actions to the United States District Court for the District of Montana:

    Central District of California

RYAN, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04482
GETMAN, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04580
CABALLERO, ET AL. v. LIVE NATION ENTERTAINMENT, INC., ET AL.,
   C.A. No. 2:24−04625
MOLEDINA v. LIVE NATION ENTERTAINMENT, INC., ET AL., C.A. No. 2:24−04631
DUPREEZ v. TICKETMASTER LLC, ET AL., C.A. No. 2:24−04659
POLUK v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04671
BURNS v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04674
ANDERSON, ET AL. v. TICKETMASTER LLC, ET AL., C.A. No. 2:24−04709
XIAN v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04726
CURRY, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04773
BLAKE, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−04973
SPENCER, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−05760
MILLER v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−05867

    Northern District of California

CONTE v. SNOWFLAKE, INC., C.A. No. 3:24−04443

    Northern District of Georgia

YOUNG v. AT&T MOBILITY LLC, ET AL., C.A. No. 1:24−03185
MORGAN v. CRICKET WIRELESS, LLC, C.A. No. 1:24−03253

       District of Montana

LEAL v. SNOWFLAKE, INC., C.A. No. 2:24−00046
CHAIDEZ v. SNOWFLAKE, INC., C.A. No. 2:24−00050
DOE, ET AL. v. SNOWFLAKE, INC., C.A. No. 2:24−00051
BOWERS v. SNOWFLAKE, INC., C.A. No. 2:24−00055
OLIVIERI, ET AL. v. AT&T INC., ET AL., C.A. No. 2:24−00056
WILKINSON v. SNOWFLAKE, INC., C.A. No. 2:24−00057
ARMSTRONG v. SNOWFLAKE, INC., C.A. No. 2:24−00058
GIANGIULIO v. SNOWFLAKE, INC., C.A. No. 2:24−00060
LAYMAN, ET AL. v. SNOWFLAKE, INC., C.A. No. 2:24−00062
LEWIS v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00064
MIRVIS v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00065
BRYANT-BOOKER v. SNOWFLAKE, INC., C.A. No. 2:24−00066
MILLER v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00067
HORNTHAL v. SNOWFLAKE, INC., ET AL., C.A. No. 2:24−00068

       Eastern District of North Carolina

IN RE ADVANCE STORES COMPANY, INCORPORATED, DATA BREACH
   LITIGATION, C.A. No. 5:24−00352
CHAIDEZ v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00354
SMITH v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00356
DRAGONE v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00357
VOGEL v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00361
RILEY v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00397
LEVY v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00404
COOK v. ADVANCE STORES COMPANY, INCORPORATED, C.A. No. 5:24−00426
CLARK v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00429
CARR v. ADVANCE AUTO PARTS, INC., C.A. No. 5:24−00445

       Eastern District of Pennsylvania

DICKEY-JOHNSON, ET AL. v. TICKETMASTER, LLC, ET AL., C.A. No. 2:24−02623

       Northern District of Texas

WEAVER, ET AL. v. SNOWFLAKE, INC., ET AL., C.A. No. 3:24−01915

       Western District of Washington

LEDUC MONTGOMERY v. AT&T INC., C.A. No. 3:24−05581

MDL No. 3127 − **IN RE: EVOLVE BANK & TRUST CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Duncan Meadows, Anton Shevchenko, Susan Colby, Sabrina Mason, Jodi McLaughlin, Allen Payne, Anthony Webster, Lisa Adewole, Joseph Biron, Alec D. Kovalczik, Ian Katsnelson, Bharath Rayam, Randell Huff, Patrice Perrier, Norilyn Prystalski, and Racqual Hohler to transfer the following actions to the United States District Court for the Western District of Tennessee:

Eastern District of Arkansas

QUIATES v. EVOLVE BANK & TRUST, C.A. No. 3:24−00114
STARLING v. EVOLVE BANK & TRUST, C.A. No. 4:24−00549
STIRITZ v. EVOLVE BANK & TRUST, C.A. No. 4:24−00550
FRANZ, ET AL. v. EVOLVE BANK & TRUST, C.A. No. 4:24−00566
BUCHANAN, ET AL. v. EVOLVE BANK & TRUST, C.A. No. 4:24−00586

Western District of North Carolina

GASKINS v. EVOLVE BANK & TRUST, C.A. No. 3:24−00654

Western District of Tennessee

MEADOWS v. EVOLVE BANK & TRUST, C.A. No. 2:24−02450
SHEVCHENKO v. EVOLVE BANK & TRUST, C.A. No. 2:24−02458
COLBY v. EVOLVE BANK & TRUST, C.A. No. 2:24−02461
MASON v. EVOLVE BANK & TRUST, C.A. No. 2:24−02463
MCLAUGHLIN v. EVOLVE BANK & TRUST, C.A. No. 2:24−02464
PAYNE v. EVOLVE BANK & TRUST, C.A. No. 2:24−02466
WEBSTER v. EVOLVE BANK & TRUST, C.A. No. 2:24−02467
ADEWOLE v. EVOLVE BANK & TRUST, C.A. No. 2:24−02470
BIRON v. EVOLVE BANK & TRUST, C.A. No. 2:24−02473
KOVALCZIK v. EVOLVE BANK & TRUST, C.A. No. 2:24−02479
KATSNELSON v. EVOLVE BANK & TRUST CORPORATION, C.A. No. 2:24−02487
RAYAM v. EVOLVE BANK & TRUST, C.A. No. 2:24−02494
HUFF v. EVOLVE BANK & TRUST, C.A. No. 2:24−02495
PERRIER v. EVOLVE BANK & TRUST, C.A. No. 2:24−02506
PRYSTALSKI v. EVOLVE BANK & TRUST, C.A. No. 2:24−02511
HOHLER v. EVOLVE BANK & TRUST, C.A. No. 2:24−02518

MDL No. 3128 − **IN RE: DIVIDEND SOLAR FINANCE, LLC, AND FIFTH THIRD BANK SALES AND LENDING PRACTICES LITIGATION**

   Motion of plaintiffs Neda Yarnall, et al., to transfer the following actions to the United States District Court for the District of New Jersey:

   District of Connecticut

PEREZ, ET AL. v. FIFTH THIRD BANCORP, ET AL., C.A. No. 3:23−01665

   Middle District of Florida

TORRADO v. DIVIDEND FINANCE, INC., ET AL., C.A. No. 3:24−00410

   Southern District of Florida

STAMNES, ET AL. v. FIFTH THIRD BANK, NATIONAL ASSOCIATION, ET AL., C.A. No. 9:24−80808

   District of New Jersey

YARNALL, ET AL. v. FIFTH THIRD BANK, N.A., ET AL., C.A. No. 2:24−07244

   Eastern District of Virginia

KENNY v. FIFTH THIRD BANK, NATIONAL ASSOCIATION, C.A. No. 3:24−00402

## SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2873 − **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff City Utilities of Springfield, Missouri to transfer of the *City Utilities of Springfield, Missouri* action to the United States District Court for the District of South Carolina, and motions of defendant 3M Company to transfer the *Deese, Long,* and *Hardwick* actions to the United States District Court for the District of South Carolina:

Eastern District of Missouri

LONG, ET AL. v. 3M COMPANY, ET AL., C.A. No. 2:24−00040

Western District of Missouri

CITY UTILITIES OF SPRINGFIELD, MO v. 3M COMPANY, C.A. No. 6:24−03164

District of New Jersey

DEESE, ET AL. v. SOLVAY SPECIALTY POLYMERS, USA, LLC, ET AL., C.A. No. 1:21−00217

Southern District of Ohio

HARDWICK v. 3M COMPANY, ET AL., C.A. No. 2:24−03121

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Motion of defendants GlaxoSmithKline plc and GlaxoSmithKline LLC to transfer the following action to the United States District Court for the Southern District of Florida:

Eastern District of Pennsylvania

VALISURE LLC, ET AL. v. GLAXOSMITHKLINE PLC, ET AL., C.A. No. 2:19−04239

MDL No. 3026 − **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Shawnteshia Hobson and Nakia Harris to transfer of their respective following actions to the United States District Court for the Northern District of Illinois:

<u>Southern District of Illinois</u>

HOBSON v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 3:24−01615

<u>Western District of Tennessee</u>

HARRIS v. ABBOTT LABORATORIES, INC., C.A. No. 2:24−02496

MDL No. 3080 − **IN RE: INSULIN PRICING LITIGATION**

Opposition of plaintiffs Sistema Integrado de Salud del Oueste LLC, et al., to transfer of the following action to the United States District Court for the District of New Jersey:

<u>District of Puerto Rico</u>

SISTEMA INTEGRADO DE SALUD DEL OESTE LLC, ET AL. v. ELI LILLY AND COMPANY, ET AL., C.A. No. 3:24−01315

MDL No. 3096 − **IN RE: PERRY JOHNSON & ASSOCIATES MEDICAL TRANSCRIPTION DATA SECURITY BREACH LITIGATION**

Opposition of defendants Cook County Health & Hospitals System and Cook County Health to transfer of the following action to the United States District Court for the Eastern District of New York:

<u>Northern District of Illinois</u>

O'NEILL, ET AL. v. PERRY JOHNSON & ASSOCIATES, INC., ET AL., C.A. No. 1:24−04963

MDL No. 3108 − **IN RE: CHANGE HEALTHCARE, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition of defendant Healthfirst, Inc., to transfer of the following action to the United States District Court for the District of Minnesota:

<u>Middle District of Tennessee</u>

LEMKE, ET AL. v. CHANGE HEALTHCARE, INC., ET AL., C.A. No. 3:24−00302

MDL No. 3113 − **IN RE: APPLE INC. SMARTPHONE ANTITRUST LITIGATION**

Opposition of plaintiff Kyle T. Whiteside to transfer of the *Whiteside* action to the United States District Court for the District of New Jersey, and motion of plaintiffs Coronavirus Reporter Corporation, et al., to transfer the *PhantomALERT* and *Coronavirus Reporter Corporation* actions to the United States District Court for the District of New Jersey:

Northern District of California

WHITESIDE v. APPLE INC., C.A. No. 3:24−02699

District of District of Columbia

PHANTOMALERT v. APPLE INC., C.A. No. 1:24−00786

District of Wyoming

CORONAVIRUS REPORTER CORPORATION, ET AL. v. APPLE INC.,
  C.A. No. 1:24−00053

MDL No. 3114 − **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Texas:

Middle District of Florida

RASLAVICH v. AT&T INC., C.A. No. 8:24−01422

Southern District of Florida

CARUSO v. AT&T MOBILITY LLC, C.A. No. 1:24−22597
SUROWIEC v. AT&T MOBILITY LLC, C.A. No. 1:24−22619
YOUNG v. AT&T MOBILITY LLC, C.A. No. 1:24−22625
VARELA v. AT&T MOBILITY LLC, C.A. No. 1:24−22666
QUICK v. AT&T MOBILITY LLC, C.A. No. 1:24−22682
PHILLIPS, ET AL. v. AT&T MOBILITY LLC, ET AL., C.A. No. 9:24−80700

Western District of Texas

EDWARDS v. AT&T INC., C.A. No. 1:24−00753

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i) the dispositive issue(s) have been authoritatively decided; or

        (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.  Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

        (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.